# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS I. A., | Case No. 26-cv-585 (LMP/DTS) |
| Petitioner, | |
| v. | **ORDER GRANTING HABEAS PETITION** |
| DAVID EASTERWOOD, *Director of St. Paul Field Office, U.S. Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security*; and PAMELA BONDI, *Attorney General of the United States, in their official capacities*, | |
| Respondents. | |

Paschal O. Nwokocha, **Paschal Nwokocha Law Offices, LLC, Minneapolis, MN**, for Petitioner.

Matthew Isihara, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Luis I. A. is a citizen of Ecuador who entered the United States without inspection in 2007. ECF No. 1 ¶ 14. He was arrested by immigration officers on January 23, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶¶ 15, 17. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 18. Luis I. A. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.*

Luis I. A. accordingly petitioned for a writ of habeas corpus, contending that he falls within a class of noncitizens eligible for bond under 8 U.S.C. § 1226(a). *See generally*

ECF No. 1. The Court ordered the Government to answer the petition no later than January 27, 2026. ECF No. 5. The Government timely responded, arguing that Luis I. A. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 7; *see Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (B.I.A. 2025).

As the Government acknowledges, this Court has already ruled that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are eligible for bond under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). The Government candidly admits that there is no material distinction between this case and those cases. ECF No. 7 at 1. Accordingly, the Court adopts the same reasoning here and concludes that Luis I. A. is entitled to a bond hearing under Section 1226(a).[1]

There is one final matter. Although the Government does not disclose it, from the Court's review of ICE's Online Detainee Locator System, it appears that Luis I. A. has been transferred to Texas and remains there at the time of this Order's filing. If that is true, it would constitute a violation of the Court's show-cause order. Here, the Court's January 23, 2026 show-cause order explicitly enjoined the Government from "moving Luis I. A. outside of the District of Minnesota during the pendency of these proceedings," and if Luis

---

[1] The Court allowed Luis I. A. to file a reply brief no later than January 29, 2026. ECF No. 5. But the Government's response plainly demonstrates that Luis I. A. is entitled to relief. Finding no just cause for delay, the Court enters this Order now.

I. A. had been removed from the District of Minnesota, the Government was ordered "to immediately return Luis I. A. to Minnesota." ECF No. 5 at 3. To rectify the Government's ongoing violation of the Court's show-cause order, the Government is ordered to return Luis I. A. to Minnesota no later than Monday, February 2, 2026, if Luis I. A. has indeed been transferred outside of this District. If Luis I. A. is not returned to Minnesota by February 2, the Government should expect the Court to initiate contempt proceedings next week.

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

Luis I. A.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED** as follows:

1. The Court **DECLARES** that Luis I. A. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. If Luis I. A. is currently in Texas, the Government is **ORDERED** to return Luis I. A. to Minnesota no later than February 2, 2026.

3. No later than 12:00 p.m. CST on February 3, 2026, the Government shall provide the Court with a status update confirming that Luis I. A. is physically present in Minnesota.

4. Once Luis I. A. is physically present in Minnesota, the Government is **ORDERED** to provide Luis I. A. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of his release no later than February 5, 2026.

5. If the Government does not provide Luis I. A. with a bond redetermination hearing as required by this Order, he must be immediately released from detention.

6. No later than February 6, 2026, the Government shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Luis I. A.'s release.[2]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 28, 2026    *s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

---

[2] Luis I. A. sought several other forms of relief in his habeas petition. To the extent that Luis I. A. seeks immediate release from custody, ECF No. 1 at 11, that request is denied. *See Roberto M. F.*, 2025 WL 3524455, at *5. And the Court need not adjudicate Luis I. A.'s Administrative Procedure Act and constitutional claims, ECF No. 1 ¶¶ 37–39, 44–47, given that the Court has ruled for him on his statutory claim. *See United States v. Turechek*, 138 F.3d 1226, 1229 (8th Cir. 1998).